## SUPREME COURT.

HUMPHREY H. SWIFT *et al.* agt. FREDERICK H. C. TROSS *et al.*

*Appearance — what is special and what general— Charter-party, executed by
one not the owner of the vessel, but who had chartered her from the owner —
liability for damages for breach of covenant.*

The defendants executed a charter-party to plaintiffs, which contained an
agreement that the vessel was seaworthy. The defendants were not
the owners of the vessel, but had chartered her from the owners:

*Held*, that for damages resulting from a breach of such covenant or agree-
ment the defendants are liable to the plaintiffs.

The fact that the plaintiffs knew that the defendants had chartered the
vessel from the owners does not alter the status of the parties or release
the defendants from the obligations which, by their charter-party, they
voluntarily assumed.

Although the charter-party executed by the defendants states that the
defendants' contract · was a recharter, it is not merely an equitable
assignment of the first, but it is an independent contract; and while it
may have referred to the source of the defendants' right to make such
a contract, and to their special title to the use of the vessel, the defend-
ants cannot avoid their liability for that reason upon a failure to fulfill
the covenants and conditions of their contract.

The fact that the plaintiffs have brought an action against the owner of
the vessel to recover the same damages which form the subject of this
action, without also alleging that such an action had been prosecuted
to judgment against the owner, and that the judgment had been paid,
is not a good defense.

Until the alleged damages have been received from, or paid by, the owner,
it is no defense to this case that an action has been commenced against
him.

But a non-resident defendant, after attachment and service by publica-
tion, cannot specially appear to contest the liability on his part asserted
by the plaintiff, and to claim that the court has no jurisdiction over and
above the value of the property attached. In other words, he cannot,
on an alleged special appearance, obtain all the advantages of contesting

his entire indebtedness which would follow from a general appearance, and yet avoid the disadvantages resulting from such appearance.

Where a non-resident defendant does not appear, after service by publication, and no property has been attached, the court acquires no jurisdiction, and where property has been attached and the non-resident defendant does not appear, the proceeding is effectual and binding merely as a proceeding *in rem*, and is regarded as having no operation beyond the disposition of the property or some interest therein.

*Special Term, February*, 1878.

THIS action was brought for the recovery of damages for breach of the covenant in a charter-party of the brig "Mary A. Rich," executed by the defendants to the plaintiffs. The defendants, after attachment and service by publication, appeared (as they claimed) specially for the purpose of defending the property attached.

The defendants set up, among other defenses :

1. That they were not the owners of the brig, and that they had chartered her from the owners, and claimed that the owners, and not they, were liable.

2. That the plaintiffs had commenced an action against the owners of the brig on substantially the same statement of facts, and claimed that the election to sue the owners of the brig was a bar to this action.

3. That they were non-residents of the state of New York, and that the summons had not been personally served on them, and claimed that the court only acquired jurisdiction so far as the property attached was concerned, and no further.

Subsequently one of the defendants was personally served, and he, claiming that it was another action, served an answer, setting up, among other defenses, the first two above mentioned.

To all these defenses the plaintiffs demurred.

*George H. Forster*, for plaintiffs.

*Chas. M. Da Costa*, for defendants.

LAWRENCE, *J.* — I am of the opinion that the demurrers to the answers of the defendants should be sustained : 1. The charter-party executed by the defendants to the plaintiffs was a distinct and separate contract between them, and not connected with the charter-party entered into between the defendants and the master, on the part of the owners of the vessel. The former contract contained an agreement that the vessel was seaworthy, and for damages resulting from a breach of such covenant or agreement the defendants are liable to the plaintiffs. I utterly fail to see how the fact that the plaintiffs knew that the defendants had chartered the vessel from the owners alters the status of the parties or releases the defendants from the obligations which, by their charter-party, they voluntarily assumed. It is said, by the learned counsel for the defendants, that the express agreement in the charter-party which is the basis of this action is simply an expression of that which the law would otherwise imply. This is true, but how does that fact alter the rights of the parties ? If nothing had been expressed in the charter-party in reference to the seaworthiness of the vessel, would not the defendants have been liable upon their implied agreement ? Nor can I assent to the position that because the charter-party executed by the defendants states that the defendants' contract was a recharter, that the second charter-party was but an equitable assignment of the first. The second was an independent contract, and while it may have referred to the source of the defendants' right to make such a contract, and to their special title to the use of the vessel, the defendants cannot avoid their liability for that reason upon a failure to fulfill the covenants and conditions of their contract. 2. Nor do I regard the fact that the plaintiffs have brought an action against the owner of the vessel to recover the same damages which form the subject of this action as a good defense in this case. If it had been alleged that such an action had been prosecuted to judgment against the owner, and that the judgment had been paid, a different feature would be presented. It is possible

that a supplementary answer setting forth such payment might then be allowed. But until the alleged damages have been received from or paid by the owner, the fact that an action has been commenced against him does not appear to constitute a defense to this case. 3. The case of *Pennoyer* agt. *Neff*, recently decided by the supreme court of the United States, does not affect this case. Here the parties have appeared. It is contended that they have appeared specially, and that they have, therefore, the right to insist that no personal judgment can be rendered against them, beyond the value of the property which has been attached. The cases cited by the defendants' counsel certainly do hold that where a non-resident defendant does not appear, after service by publication, and no property has been attached, the court acquires no jurisdiction, and that where property has been attached, and the non-resident defendant does not appear, the proceeding is effectual and binding merely as a proceeding *in rem*, and is regarded as having no operation beyond the disposition of the property or some interest therein (*See opinion of justice* FIELD, *in Pennoyer* agt. *Neff, and cases cited*).

None of these cases, however, hold that the defendants can specially appear to contest the liability on their part asserted by the plaintiff, and to claim that the court has no jurisdiction over and above the value of the property attached. If the defendants had not appeared and answered, the position of the defendants would be tenable, but they cannot, on an alleged special appearance, obtain all the advantages of contesting their entire indebtedness which would follow from a general appearance, and yet avoid the disadvantages resulting from such appearance.

There should be judgment for the plaintiffs on the demurrer, with costs.